
FILED
APR 18 2019
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BILL LIETZKE, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF BIRMINGHAM, et al., <br><br> Defendants. | Cause No. CV 19-61-M-DLC <br><br><br> ORDER |
| BILL LIETZKE, <br><br> Plaintiff, <br><br> vs. <br><br> GREYHOUND LINES, INC., <br><br> Defendant. | Cause No. CV 19-62-M-DLC <br><br><br> ORDER |
| BILL LIETZKE, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF MONTGOMERY, et al., <br><br> Defendants. | Cause No. CV 19-63-M-DLC <br><br><br> ORDER |

| | |
|---|---|
| BILL LIETZKE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MONTGOMERY, et al.,<br><br>Defendants. | Cause No. CV 19-64-M-DLC<br><br><br>ORDER |
| BILL LIETZKE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MONTGOMERY, et al.,<br><br>Defendants. | Cause No. CV 19-65-M-DLC<br><br><br>ORDER |

These cases come before the Court on five civil complaints filed by Plaintiff Lietzke. All five complaints allege violations of federal civil rights. All arise from incidents alleged to have occurred in Montgomery or Birmingham, Alabama. Lietzke also moves to proceed in forma pauperis in each case.

This Court sits in Montana. As Lietzke has previously been advised, a court "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). In none of his five complaints does Lietzke identify any relationship at all among the events

underlying the complaints, his claims against the defendants, and the District of Montana, much less a "substantial connection" among the three. *See Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). Lietzke has no justification for filing in Montana.

When Lietzke first appeared as a litigant in this Court, his complaints were dismissed due to lack of personal jurisdiction and also because Lietzke had already filed the complaints in the Middle District of Alabama. *See* Order (Doc. 9), *Lietzke v. County of Montgomery*, No. CV 15-07-H-DLC (D. Mont. Apr. 1, 2015); Order (Doc. 14), *Lietzke v. City of Montgomery*, No. CV 15-11-GF-DLC (D. Mont. Apr. 1, 2015); Order (Doc. 10), *Lietzke v. City of Montgomery*, No. CV 14-96-GF-DLC (D. Mont. Apr. 1, 2015).

Later, Lietzke filed complaints that still lacked personal jurisdiction but had not already been filed in Alabama. The Court ordered those actions transferred to the Middle District of Alabama because that court would have personal jurisdiction over the defendants and because Lietzke had not already filed there. *See* Order (Doc. 3), *Lietzke v. City of Montgomery*, No. CV 16-06-GF-DLC (D. Mont. transfer to M.D. Ala. ordered Feb. 10, 2016); Order (Doc. 3), *Lietzke v. City of Montgomery*, No. CV 17-130-M-DLC (D. Mont. transfer to M.D. Ala. ordered Sept. 20, 2017); Order (Doc. 3), *Lietzke v. City of Montgomery*, No. CV 17-160-M-DLC (D. Mont. transfer to M.D. Ala. ordered Nov. 28, 2017).

Now, however, all five of Lietzke's pending complaints have already been litigated in the Middle District of Alabama. In each of the Alabama cases, by Order and Judgment dated August 23, 2018, the federal claims were dismissed for failure to state a claim. The court declined to exercise supplemental jurisdiction over the state law claims, and Lietzke was advised he could refile them in state court.

Each of the first four Montana complaints is identical to its Alabama counterpart:

| D. Mont. | M.D. Ala. |
| --- | --- |
| 9:19-cv-61-M-DLC | 2:18-cv-469-MHT-GMB |
| 9:19-cv-62-M-DLC | 2:18-cv-488-MHT-GMB |
| 9:19-cv-63-M-DLC | 2:17-cv-614-MHT-GMB |
| 9:19-cv-64-M-DLC | 2:17-cv-626-MHT-GMB |

In the fifth case, No. 9:19-cv-65-M-DLC, the Montana and Alabama complaints vary slightly in the phrasing of their statements about personal jurisdiction. But the allegations of fact are identical, even including Lietzke's allegation that the incident occurred "[o]n or about January 30, 201 , through Montgomery police officers . . . ." *Compare* Compl. (Mont. 19-65 Doc. 2) at 2 ¶ 6 *with* Compl. (M.D. Ala. 2:18-cv-395-MHT-GMB) at 2 ¶ 6 (incomplete date in both originals).

In fact, one of the Alabama cases, No. 2:17-cv-626-MHT-GMB, arrived in the Middle District of Alabama on transfer from *this* Court. *See Lietzke v. City of*

4

*Montgomery*, No. 9:17-cv-130-M-DLC (D. Mont. transferred Sept. 20, 2017).

Enough is enough. Lietzke's filings in this Court demonstrate, at best, indifference to the law. He is not acting in good faith. The interests of justice now disfavor transfer of Lietzke's submissions. *See* 28 U.S.C. § 1631.

Consequently, Lietzke must show cause why he should not be designated a vexatious litigant in this District. If the designation is imposed, the Court will no longer search the docket of the Middle District of Alabama to determine whether Lietzke has already filed an identical or factually similar action there. The Court will no longer consider whether transfer to another court is in the interest of justice. It will decide only whether Lietzke may proceed in the District of Montana. If he may, the Court will order the clerk to open a new civil file. If he may not, Lietzke's submission will be disregarded, and no new action will commence.

Accordingly, IT IS ORDERED that, on or before **May 7, 2019,** Lietzke must show cause in writing why he should not be designated a vexatious litigant. Failure to respond will result in the designation.

DATED this 19th day of April, 2019.

Dana L. Christensen, Chief Judge
United States District Court